PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her vehicle struck a hole on the edge of East Dailey Road in Dailey, Randolph County. East Dailey Road is a public road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more folly stated below.
The incident giving rise to this claim occurred on October 21, 2008. The speed limit on East Dailey Road is thirty miles per hour. At the time of the incident, claimant was driving at approximately thirty miles per hour or less around a curve when her vehicle struck a hole located on the edge of the road. Claimant stated that her vehicle drifted towards the berm due to the way the road curves in this area. Claimant travels this road on a daily basis and stated that the hole had been there for at least two months prior to the incident. As a result, claimant’s vehicle sustained damage to its wheel, tire, strut, and the vehicle needed to be re-aligned, totaling $335.28. Claimant’s insurance deductible was $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on East Dailey Road. Raymond W. Yeager, Highway Administrator for respondent in Randolph County, testified that East Dailey Road is between a second and a third priority road in terms of its maintenance. Mr. Yeager testified that respondent did not receive complaints regarding the condition of the road prior to this incident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safely of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole on the edge of the road which claimant’s vehicle struck and that it presented a hazard to the traveling public. Since the edge of the road was in disrepair at the time of this incident, the Court finds respondent negligent. Notwithstanding the negligence of the respondent, the Court is also of the opinion that the claimant was negligent since her vehicle drifted towards the berm even though there was no oncoming traffic. In a comparative negligence jurisdiction such as West Virginia, the claimant’s negligence may reduce or bar recovery in a claim. Based on the above, the Court finds that the claimant’s negligence equals thirty-five percent (35%) of her loss. Since the negligence of the claimant is not greater than or equal to the negligence of the respondent, claimant may recover sixty-five percent (65%) of the loss sustained.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $217.94.
Award of $217.94.